FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 APR 10  AM 7: 34

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICARDO M. MADINA                          CIVIL ACTION

VERSUS                                     NUMBER: 05-2126

N. BURL CAIN, WARDEN,                      SECTION: "N"(5)
LOUISIANA STATE PENITENTIARY

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2E(A), presently before the Court is the 28 U.S.C. § 2254 application for federal habeas corpus relief of petitioner, Ricardo M. Madina, the State's response thereto, and Madina's reply to the State's response. (Rec. docs. 1, 8, 9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Madina's petition be dismissed with prejudice.

Petitioner Madina is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On March 18, 1996, Madina was found guilty of second degree murder after trial, by jury, in the Criminal District Court

___ Fee_____
___ Process_____
 X / Dktd _____
  ✓  CtRmDep_____
___ Doc. No_____

for the Parish of Orleans, State of Louisiana. The State subsequently filed a bill of information accusing Madina of being a fourth felony offender under LSA-R.S. 15:529.1. Following a formal hearing on the matter on April 16, 1996, Madina was adjudicated a fourth felony offender as charged and was thereupon sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

Madina directly appealed his conviction to the Louisiana Fourth Circuit Court of Appeal which, which on April 30, 1997, affirmed Madina's conviction but vacated his sentence and remanded the matter for resentencing because it appeared that the trial court believed that a life sentence was mandatory. State v. Madina, 693 So.2d 19 (La. App. 4th Cir. 1997)(table). A copy of the Louisiana Fourth Circuit's opinion was forwarded to and received by the trial court on May 6, 1997 which thereupon scheduled a status hearing for May 14, 1997. That status hearing went forward as scheduled, Madina's resentencing was set for May 30, 1997, and the State was directed to file the appropriate motion to have Madina transported to court for the resentencing proceeding. Madina's resentencing went forward as scheduled on May 30, 1997. Although no transcript of that proceeding appears in the state court record submitted by the respondent, both the docket master and the minutes from May 30, 1997 indicate that Madina, attended by counsel,

2

appeared that date and that "the [trial] court ruled life imprisonment sentence stands."

On October 6, 2003, over six years after he had been resentenced, Madina filed a "Motion for Dismissal" in which he essentially argued that he was entitled to an immediate release because he had never been properly resentenced.   That motion was denied on October 27, 2003 with the trial court specifically noting that "[o]n May 30, 1997, the defendant was resentenced to life imprisonment." From that unfavorable ruling, Madina unsuccessfully sought writs from the Louisiana Fourth Circuit, State v. Madina, No. 2003-K-2175 (La. App. 4th Cir. Jan. 28, 2004)(unpublished order), and the Louisiana Supreme Court.   State ex rel Madina v. State, 897 So.2d 590 (La. 2005).  The instant proceeding followed.

Under 28 U.S.C. § 2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat 1214 (1996)(effective April 24, 1996), state prisoners like Madina now have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period.  Although the State has done so in this case, the one-year time bar may be

raised by the Court <u>sua sponte</u>.   <u>Kiser v. Johnson</u>, 163 F.3d 326, 328-29 (5th Cir. 1999).

Under the version of LSA-C.Cr.P. Art. 914(B) that was in effect at the time Madina was resentenced on May 30, 1997, a defendant was allowed five days from the rendition of the judgment or ruling complained of within which to timely file a notice of appeal.  Applied to Madina, his conviction and sentence undoubtedly became final on June 5, 1997 when the five-day appeal period prescribed by Article 914(B) passed and no motion therefor was made.   Yet it was not until he filed his motion of dismissal on October 6, 2003, over six years later, that Madina had any challenges to his conviction or sentence pending before the state courts.   During that lengthy hiatus, the § 2244(d) limitation period expired six times over.

In his reply brief to the State's response, Madina essentially takes the position that he was not resentenced, or at least that he was not legally resentenced, on May 30, 1997 because the docket master and minutes from that proceeding do not bear the magic word "resentenced" but simply state that his sentence of life imprisonment was allowed to stand.  Some historical information is necessary to put that assertion into context.

In the direct appeal of his conviction, Madina argued that the trial judge originally imposed a life sentence because he believed

4

that such a sentence was mandatory.   Ultimately, the Louisiana Fourth Circuit agreed with Madina's argument, vacated the life sentence, and remanded the matter for resentencing, specifically observing in the process that "[t]he defendant could have received a sentence from fifty years at hard labor without benefits to life imprisonment at hard labor without benefits."   Madina, No. 96-KA-1541 (unpublished opinion at p. 5).   In her concurring opinion, Judge Armstrong also "...note[d] that, under La. R.S. 15:529.1(c)(i), as a fourth felony offender, without regard to the qualities of the four felonies, [Madina] could be sentenced to life imprisonment for this horrendous offense." ( Id. at p. 6).[1]/ Accordingly, the only task to be accomplished on remand was for the trial judge to impose a sentence of between fifty years to life without benefits.   Madina was subsequently returned to the trial court on May 30, 1997 which reimposed the life sentence it had originally imposed on April 16, 1996.   Although the word "resentenced" does not appear in the docket master or minutes from May 30, 1997, the import of the trial court's action is unmistakably clear notwithstanding the presence of the phrase "life imprisonment sentence stands" in the court documents.

---

[1]/   Factually, Madina was convicted of attempted murder for shooting his estranged girlfriend seven times at point-blank range while her small child was in the house.

5

As the Court understands Madina's semantical argument, after the Louisiana Fourth Circuit vacated his life sentence on April 30, 1997, there was no sentence in effect on May 30, 1997 which could have been left standing.   Thus, he takes the position that the punishment meted out on May 30, 1007 was "illegal."   Having taken that position, Madina then takes another quantum leap and urges the novel proposition that the § 2244(d) limitation period does not run on illegal sentences but only on those which were validly imposed.

Taking Madina's argument to its logical, or illogical, conclusion, state prisoners like himself who believed that their convictions and/or sentences were illegal or invalid would have no time limitations within which to seek state post-conviction or federal habeas relief while those who had valid convictions and/or sentences would, although it is unclear why the latter group would go through the futile task of challenging valid convictions and/or sentences at all.   The Court declines Madina's invitation, unadorned by any relevant case law, to endorse the position he espouses which would stand the habeas statute on its head and would render § 2244(d) essentially meaningless.   Madina's habeas petition is untimely and should be dismissed as such.

Alternatively, federal habeas review of his claims for relief is barred by the procedural default doctrine.   Madina argues that his resentencing on May 30, 1997 was invalid and that the trial

6

court is now divested of jurisdiction to resentence him because of the time that has passed since he was originally sentenced on April 16, 1996.  When presented with that claim in his most recent writ application to the Louisiana Supreme Court, that tribunal ruled as follows:

> Denied.  La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172.

In State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996), the Louisiana Supreme Court held that claims of excessiveness or other sentencing errors are not cognizable in a state application for post-conviction relief.

Federal habeas review of a constitutional claim is barred by the procedural default doctrine if the last state court to review the claim clearly and expressly states that its judgment rests on a procedural bar, provided that the bar constitutes an independent and adequate state procedural rule that is regularly applied by the state courts.  Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991); Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038 (1989).  In order to satisfy the independence requirement, the last state court rendering a judgment in the case must "clearly and expressly" indicate that its judgment rests on a state procedural bar. Harris, 489 U.S. at 263, 109 S.Ct. at 1043; Amos v. Scott, 61 F.3d 333, 338 (5th Cir.), cert. denied, 516 U.S. 1005, 116 S.Ct. 557

7

(1995).  A state procedural rule is "adequate" when it is strictly and regularly followed and applied evenhandedly to the vast majority of similar claims.  Amos, 61 F.3d at 339.  A presumption of adequacy arises when a state court expressly relies on a procedural bar in deciding not to review a claim for collateral relief.  Lott v. Hargett, 80 F.3d 161, 165 (5th Cir. 1996).  Various sections of this Court have previously determined that the Article 930.3./ Melinie bar constitutes an independent and adequate state procedural rule that is regularly applied by the state courts. Tassin v. Lovell, No. 99-CV-1630 (E.D. La. Oct. 26, 1999); Williams v. Lensing, No. 99-CV-1612, 1999 WL 670972 at *3-4 (E.D. La. Aug. 25, 1999); Bibbins v. Andrews, No. 99-CV-1398, 1999 WL 56273 at *2-3 (E.D. La. July 30, 1999); Scott v. Cain, No. 97-CV-3558, 1998 WL 273116 at *3 (E.D. La. May 27, 1998).

In light of the foregoing authorities, review of Madina's federal habeas allegations is barred by the procedural default doctrine.  An exception to the doctrine exists if Madina can show cause for the procedural default and actual prejudice as a result of the alleged constitutional violation, or if he demonstrates that the failure to entertain his allegations will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750, 111 S.Ct. at 2565.  "Cause" is something external to the petitioner, something that cannot be fairly attributed to him that impedes his

8

efforts to comply with the state's procedural rule. <u>Moore v.</u> <u>Roberts</u>, 83 F.3d 699, 704 (5th Cir. 1996), <u>cert</u>. <u>denied</u>, 519 U.S. 1093, 117 S.Ct. 772 (1997).   In order to prove a fundamental miscarriage of justice, a prisoner must demonstrate his actual innocence. <u>Glover v. Cain</u>, 128 F.3d 900, 904 (5th Cir. 1997), <u>cert</u>. <u>denied</u>, 523 U.S. 1125, 118 S.Ct. 1811 (1998).

Madina makes no showing of cause for having failed to properly litigate his claims in the state court system, i.e., in a direct appeal taken immediately following his resentencing on May 30, 1997, prior to submitting them to the Court in his federal habeas petition.   Because Madina does not establish cause for his procedural default, the Court need not consider the element of prejudice. <u>Murray v. Carrier</u>, 477 U.S. 478, 494-95, 106 S.Ct. 2639, 2649 (1986).  And no colorable showing of actual innocence being made here, Madina has not shown that the failure to entertain his claims will result in a fundamental miscarriage of justice. <u>Coleman</u>, 501 U.S. at 750, 111 S.Ct. at 2565.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Ricardo M. Madina be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's

9

report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n., 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 10th day of April, 2006.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

10